AO 440  (Rev. 05/00) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

### SUMMONS IN A CIVIL CASE

OPHELIA CAGE,

Plaintiff,

          V.

CITY OF CHICAGO,

Defendant.

CASE NUMBER:   1:14-cv-06818

ASSIGNED JUDGE:   James B. Zagel

DESIGNATED
MAGISTRATE JUDGE: Sidney I. Schenkier

TO: (Name and address of Defendant)

City of Chicago
c/o Rahm Emanuel, Mayor
121 North LaSalle Street
Chicago City Hall – 4th Floor
Chicago, Illinois  60602

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Barry A. Gomberg
Barry A. Gomberg & Associates, Ltd.
53 West Jackson Blvd., Suite 1350
Chicago, Illinois  60604

an answer to the complaint which is herewith served upon you, _____ 21 _____ days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable
period of time after service.

THOMAS G. BRUTON, CLERK

(By) DEPUTY CLERK

September 22, 2014

DATE





EXHIBIT
A

AO 440  (Rev. 05/00)  Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐  Served personally upon the defendant.  Place where served: _____

_____

☐  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
   discretion then residing therein.

   Name of person with whom the summons and complaint were left: _____

☐  Returned unexecuted: _____

_____

_____

☐  Other (specify): _____

_____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

   I declare under penalty of perjury under the laws of the United States of America that the foregoing information
contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____       _____
                    Date                          *Signature of Server*


                                          _____
                                              *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

### UNITED STATES DISTRICT COURT
### FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 6,1
### Eastern Division

Ophelia Cage

                    Plaintiff,

v.                                     Case No.: 1:14−cv−06818

                                           Honorable James B. Zagel

City Of Chicago

                    Defendant.

---

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, September 19, 2014:

      MINUTE entry before the Honorable James B. Zagel: Status hearing set for 1/13/15 at 9:15 a.m. Mailed notice. (nf, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

RECEIVED #5 2014 SEP 23 PM 1:00 RECEIVED BY DAY CLERK'S OFFICE

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| OPHELIA CAGE, | ) |
| | ) |
| Plaintiff, | ) Case No. |
| | ) |
| v. | ) |
| | ) |
| | ) |
| CITY OF CHICAGO, | ) |
| | ) |
| Defendant. | ) JURY TRIAL DEMANDED |

### COMPLAINT

NOW COMES Plaintiff, OPHELIA CAGE, by and through her attorneys, Barry A. Gomberg of Barry A Gomberg & Associates, Ltd., and complaining against the Defendant, CITY OF CHICAGO, alleges as follows:

### PARTIES

1.      Plaintiff is a sixty-four (64) year-old, female, African-American resident of the State of Illinois residing in Cook County in Chicago, Illinois 60629.

2.      Defendant is a governmental entity with its City Hall located at 121 N. LaSalle Street, Chicago, Illinois, Cook County.

### JURISDICTION AND VENUE

3      The claims against Defendant are for age discrimination pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq., gender (female), race (African-American) and retaliation for complaining about discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Civil Rights Act of 1991.

1

Case: 1:14-cv-06818 Document #: 1 Filed: 09/03/14 Page 2 of 12 PageID #:2

4      Jurisdiction is conveyed upon this Court by virtue of 28 U.S.C. § 1343 as these claims arise under the laws of the United States of America.

5.      Venue is appropriate in the Northern District of Illinois, Eastern Division by virtue of 28 U.S.C. § 1391 as Plaintiff's residence, the Defendant's business, and the events or omissions giving rise to this claim are located in the counties served by the Northern District of Illinois, Eastern Division.

## COUNT I -
## AGE DISCRIMINATION

6.      Plaintiff re-alleges and incorporates as if fully set forth herein paragraphs 1 though 5 above and brings this Count against Defendant City of Chicago.

7.      Pursuant to Section 14(b) of the ADEA, 29 U.S.C. § 633(b), Plaintiff has filed this cause more than sixty (60) days after the filing of a Charge of Discrimination with the State of Illinois Department of Human Rights ("IDHR"), pursuant to the requirements of the ADEA and the Equal Employment Opportunity Commission ("EEOC"), a copy of which is attached hereto as Exhibit A and fully incorporated herein by reference.

8.      Plaintiff has filed this cause pursuant to receipt of a Notice of Right to Sue issued by the EEOC within the statutory time requirement, a copy of which is attached hereto as Exhibit B.

9.      In direct violation of the ADEA, Defendant engaged in the Age discriminatory acts described in the Charge of Discrimination, attached as Exhibit A.

2

10.     On November 16, 1985, Plaintiff was hired by Defendant as a senior clerk, and later became a water rate taker with the City of Chicago on or about October 16, 1987.

11.     On January 24, 2012, Plaintiff was out in the field obtaining meter readings but experienced difficulties making said readings due to inaccessibility from such things as locked meter closets, blocked meters and uncooperative residents.

12.     On March 19, 2012, Plaintiff was informed that she was being issued a five day disciplinary suspension by Len Califano (50's) for her allegedly "poor" job performance on January 24, 2012.

13.     Plaintiff was suspended by Califano because of her age.

14.     Defendant treated Plaintiff less favorably than younger employees, such as Ron Blankus, Daryl Tigner, "Khan", Pat Durrant, Renny Simmons and Leslie Travis-Cook, who have had similar difficulties reading meters and similar performance results, but have not been disciplined by Defendant and Califano for alleged "poor" performance.

15.     At all times during her employment, Plaintiff met the legitimate expectations of her employer and performed her job in a manner comparable to, or better than, her co-workers at Defendant.

16.     As a result of Defendant's age based discriminatory conduct, Plaintiff has suffered injury to her career, as well as emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, and other non-pecuniary losses for which she is entitled to compensatory damages pursuant to 42 U.S.C. § 1981a.

WHEREFORE, Plaintiff, OPHELIA CAGE, prays for judgment against Defendant, CITY OF CHICAGO, as follows:

3

Case: 1:14-cv-06818 Document #: 1 Filed: 09/03/14 Page 4 of 12 PageID #:4

     A.     For reimbursement of any wages Plaintiff has lost due to her five (5) day suspension;

     B.     For an award of compensatory damages for Plaintiff's injury to her career, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and fringe benefits;

     C.     For attorney's fees and costs of this suit; and

     D.     For such other and further relief as is just and equitable.

**COUNT II**
**ADEA WILLFUL VIOLATION**

17.     Plaintiff re-alleges and incorporates as if fully set forth herein paragraphs 1 – 5 above and paragraphs 6-16 of Count I and brings this Count against Defendant City of Chicago.

18.     Defendant's discriminatory conduct, as aforesaid, was intentional and/or in reckless disregard for Plaintiff's rights under the law and these acts constitute willful indifference to said rights.

WHEREFORE, Plaintiff, OPHELIA CAGE, prays for judgment against Defendant, CITY OF CHICAGO, as follows:

     A.     For liquidated damages;

     B.     For reimbursement of any wages Plaintiff has lost due to her five (5) day suspension;

     C.     For attorney's fees and costs of this suit;  and

     D.     For such other and further relief as is just and equitable.

Case: 1:14-cv-06818 Document #: 1 Filed: 09/03/14 Page 5 of 12 PageID #:5

## COUNT III –
## TITLE VII – GENDER DISCRIMINATION

19.    Plaintiff re-alleges and incorporates as if fully set forth herein paragraphs 1 – 5 above, paragraphs 6-16 of Count I and paragraphs 17-18 of Count II and brings this Count against Defendant City of Chicago.

20.    Plaintiff has filed this cause subsequent to the timely filing of a Charge of Discrimination based on gender (female) with the IDHR and EEOC, attached as Exhibit A, and fully incorporated herein by reference.

21.    Plaintiff has filed this cause pursuant to a Notice of Right to Sue issued by the EEOC within the statutory time requirements, attached as Exhibit B.

22.    In direct violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., Defendant, by its agents and employees, engaged in the discriminatory acts described in the Charge of Discrimination, attached as Exhibit A and fully incorporated herein by reference.

23.    On November 16, 1985, Plaintiff was hired by Defendant as a senior clerk, and later became a water rate taker with the City of Chicago on or about October 16, 1987.

24.    On January 24, 2012, Plaintiff was out in the field obtaining meter readings but experienced difficulties making said readings due to inaccessibility from such things as locked meter closets, blocked meters and uncooperative residents.

25.    On March 19, 2012, Plaintiff was informed that she was being issued a five day disciplinary suspension by Chief Water Rate Taker, Len Califano (male), for her allegedly "poor" job performance on January 24, 2012.

26.    Plaintiff was suspended by Califano because of her gender.

27. Defendant treated Plaintiff less favorably than male employees, such as Ron Blankus, Daryl Tigner, and "Khan", who have had similar difficulties reading meters and similar performance results, but have not been disciplined by Defendant and Califano for alleged "poor" performance.

28. At all times during her employment, Plaintiff met the legitimate expectations of her employer and performed her job in a manner comparable to, or better than, her co-workers at Defendant.

29. As a result of the Defendant's gender based discriminatory conduct, as aforesaid, Plaintiff has suffered injury to her career, as well as emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, and other non-pecuniary losses for which she is entitled to compensatory damages pursuant to 42 U.S.C. § 1981a.

WHEREFORE, Plaintiff, OPHELIA CAGE, prays for judgment against Defendant, CITY OF CHICAGO, as follows:

A. For reimbursement of any wages Plaintiff has lost due to her five (5) day suspension;

B. For an award of compensatory damages for Plaintiff's injury to her career, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and fringe benefits;

C. For attorney's fees and costs of this suit; and

D. For such other and further relief as is just and equitable.

Case: 1:14-cv-06818 Document #: 1 Filed: 09/03/14 Page 7 of 12 PageID #:7

## COUNT IV
## TITLE VII –RACE DISCRIMINATION

30.     Plaintiff re-alleges and incorporates as if fully set forth herein paragraphs 1 – 5 above, paragraphs 6-16 of Count I, paragraphs 17-18 of Count II and paragraphs 19-29 of Count III and brings this Count against Defendant City of Chicago.

31.     Plaintiff has filed this cause subsequent to the timely filing of a Charge of Discrimination based on race (African-American) with the IDHR and EEOC, attached as Exhibit A, and fully incorporated herein by reference.

32.     Plaintiff has filed this cause pursuant to a Notice of Right to Sue issued by the EEOC within the statutory time requirements, attached as Exhibit B.

33.     In direct violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., Defendant, by its agents and employees, engaged in the discriminatory acts described in the Charge of Discrimination, attached as Exhibit A and fully incorporated herein by reference.

34.     On November 16, 1985, Plaintiff was hired by Defendant as a senior clerk, and later became a water rate taker with the City of Chicago on or about October 16, 1987.

35.     On January 24, 2012, Plaintiff was out in the field obtaining meter readings but experienced difficulties making said readings due to inaccessibility from such things as locked meter closets, blocked meters and uncooperative residents.

36.     On March 19, 2012, Plaintiff was informed that she was being issued a five day disciplinary suspension by Chief Water Rate Taker, Len Califano (non-African American), for her allegedly "poor" job performance on January 24, 2012.

37.     Plaintiff was suspended by Califano because of her race.

38.     Defendant treated Plaintiff less favorably than non-African American employees who have had similar difficulties reading meters and similar performance results, but have not been disciplined by Defendant and Califano for alleged "poor" performance.

39.     At all times during her employment, Plaintiff met the legitimate expectations of her employer and performed her job in a manner comparable to, or better than, her co-workers at Defendant.

40.     As a result of the Defendant CITY OF CHICAGO's race based discriminatory conduct, as aforesaid, Plaintiff has suffered injury to her career, as well as emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, and other non-pecuniary losses for which she is entitled to compensatory damages pursuant to 42 U.S.C. § 1981a.

WHEREFORE, Plaintiff, OPHELIA CAGE, prays for judgment against Defendant, CITY OF CHICAGO, as follows:

A.      For reimbursement of any wages Plaintiff has lost due to her five (5) day suspension;

B.      For an award of compensatory damages for Plaintiff's injury to her career, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and fringe benefits;

C.      For attorney's fees and costs of this suit; and

D.      For such other and further relief as is just and equitable.

## COUNT V
## TITLE VII – RETALIATION

41.     Plaintiff re-alleges and incorporates as if fully set forth herein paragraphs 1 – 5 above, paragraphs 6-16 of Count I, paragraphs 17-18 of Count II, paragraphs 19-29 of Count III and paragraphs 30-40 of Count IV and brings this Count against Defendant City of Chicago.

42.     Plaintiff has filed this cause subsequent to the timely filing of two Charges of Discrimination based on retaliation for filing Charges of Discrimination based upon age, gender, race discrimination and retaliation with the IDHR and EEOC, attached as Exhibits A and C, and fully incorporated herein by reference.

43.     Plaintiff has filed this cause pursuant to Notices of Right to Sue issued by the EEOC within the statutory time requirements, attached as Exhibit B and D.

44.     In direct violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., Defendant, by its agents and employees, engaged in the retaliatory acts described in the Charge of Discrimination, attached as Exhibit A and C, and fully incorporated herein by reference.

45.     On November 16, 1985, Plaintiff was hired by Defendant as a senior clerk, and later became a water rate taker with the City of Chicago on or about October 16, 1987.

46.     At all times during her employment, Plaintiff met the legitimate expectations of her employer and performed her job in a manner comparable to, or better than, her co-workers at Defendant.

47.     On September 1, 2005, Plaintiff engaged in protected activity when she filed a Charge of Discrimination (2005CF0603) with the Illinois Department of Human Rights

48.     After Plaintiff filed her Charge of Discrimination in September 2005, Defendant and the Chief Water Rate Taker, Len Califano, began falsely accusing Plaintiff of poor work performance in retaliation for engaging in protected activity.

49.     On January 24, 2012, Plaintiff was out in the field obtaining meter readings but experienced difficulties making said readings due to inaccessibility from such things as locked meter closets, blocked meters and uncooperative residents.

50.     On March 19, 2012, Plaintiff was informed that she was being issued a five day disciplinary suspension by Len Califano for her allegedly "poor" job performance on January 24, 2012 despite the fact that her performance was comparable if not better than her co-workers.

51.     On April 24, 2012, Plaintiff engaged in protected activity when she filed a Charge of Discrimination (#2012CA3088) with the Illinois Department of Human Rights alleging that Defendant discriminated against her on the basis of her age, race, and gender, and retaliated against Plaintiff for engaging in prior protected activity.   See Exhibit A attached hereto.

52.     On October 26, 2012, Plaintiff was informed that she was being issued a seven day disciplinary suspension by Len Califano for her allegedly "poor" job performance despite the fact that her performance was comparable if not better than her co-workers.

53. On February 1, 2013, Plaintiff engaged in protected activity when she filed yet another Charge of Discrimination (#2013CF1663) with the Illinois Department of Human Rights alleging that Defendant had retaliated against when it suspended her on October 26, 2012 in retaliation for filing her April 24, 2012 Charge of Discrimination. See Exhibit C attached hereto.

54. Plaintiff was issued each of her suspensions within such a timeframe after she engaged in protected activity and filed her Charges of Discrimination as to raise an inference of retaliatory motive on the part of Defendant.

55. As a result of the Defendant CITY OF CHICAGO's retaliatory conduct, as aforesaid, Plaintiff has suffered injury to her career, as well as emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, and other non-pecuniary losses for which she is entitled to compensatory damages pursuant to 42 U.S.C. § 1981a.

WHEREFORE, Plaintiff, OPHELIA CAGE, prays for judgment against Defendant, CITY OF CHICAGO, as follows:

A. For reimbursement of any wages Plaintiff has lost due to her five (5) day and seven (7) day suspensions;

B. For an award of compensatory damages for Plaintiff's injury to her career, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and fringe benefits;

C. For attorney's fees and costs of this suit;  and

D.     For such other and further relief as is just and equitable.

Respectfully submitted,

OPHELIA CAGE

By: s/ Barry A. Gomberg
     Attorney for Plaintiff

Barry A. Gomberg
Barry A. Gomberg & Associates, Ltd.
53 W. Jackson Blvd., Suite 1350
Chicago, Illinois 60604
(312) 922-0550

# Exhibit A

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974; See Privacy act statement before completing this form.<br>#12W0423-09 | AGENCY<br>☒ IDHR<br><br>☐ EEOC | CHARGE NUMBER<br><br>2012CA3088 |
|---|---|---|

### Illinois Department of Human Rights and EEOC

| NAME OF COMPLAINANT (indicate Mr. Ms. Mrs.)<br>Ms. Ophelia Cage | TELEPHONE NUMBER (include area code)<br>(773) 476-0640 | |
|---|---|---|

| STREET ADDRESS<br>6326 S. Campbell Street | CITY, STATE AND ZIP CODE<br>Chicago, Illinois 60629 | DATE OF BIRTH<br>07/ 24/50<br>M    D    YEAR |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME OF RESPONDENT<br>City of Chicago Water Department | NUMBER OF EMPLOYEES, MEMBERS 15+ | TELEPHONE NUMBER (include area code)<br>(312) 747-7553 |
|---|---|---|

| STREET ADDRESS<br>121 N. LaSalle Street | CITY, STATE AND ZIP CODE<br>Chicago, Illinois 60602 | COUNTY<br>Cook (031) |
|---|---|---|

| CAUSE OF DISCRIMINATION BASED ON:<br>Race     Age     Sex     Retaliation | DATE OF DISCRIMINATION EARLIEST (ADEA/EPA) LATEST (ALL)<br>03/19/12<br>☐ CONTINUING ACTION |
|---|---|

THE PARTICULARS OF THE CHARGE ARE AS FOLLOWS:

I.   A.    ISSUE/BASIS

FIVE DAY SUSPENSION, MARCH 19, 2012, BECAUSE OF MY RACE, BLACK.

B.    PRIMA FACIE ALLEGATIONS

1.  My race is black.

2.  I have satisfactorily performed my duties as a water rate taker at Respondent's pumping station located at 4933 S. Western Avenue, and have been employed with Respondent since June, 1991.

Page 1 of 3

| I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | SUBSCRIBED AND SWORN TO BEFORE ME<br>THIS _____ DAY OF _____, 2012.<br><br>_____<br>NOTARY SIGNATURE |
|---|---|
| OFFICIAL SEAL<br>KRYSTAL ROGERS<br>NOTARY PUBLIC - STATE OF ILLINOIS<br>MY COMMISSION EXPIRES:11/16/14<br><br>NOTARY STAMP | X _Ophelia Cage_          4-24-12<br>SIGNATURE OF COMPLAINANT          DATE<br>I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |

EEO-5 FORM (Rev. 2/09-INT)

Case: 1:14-cv-06818 Document #: 1-1 Filed: 09/03/14 Page 2 of 3 PageID #:14

Charge Number: 2012CA
Complainant: Ophelia Cage
Page 2 of 3

    3.  On or about March 19, 2012, I was suspended by Leonard Califano (non-black), Respondent's Chief Water Rate Taker. Califano's documentation indicates I was issued the five day suspension for poor work performance.

    4.  Similarly situated employees, whose races are not black, who possess levels of work performance similar to mine, were not issued a seven day suspension.

## II.

**A.  ISSUE/BASIS**

FIVE DAY SUSPENSION, MARCH 19, 2012, BECAUSE OF MY AGE, 60.

**B.  PRIMA FACIE ALLEGATIONS**

    1.  I am 60 years of age.

    2.  I have satisfactorily performed my duties as a water rate taker, and have been employed with Respondent since June, 1991.

    3.  On or about March 19, 2012, I was suspended by Leonard Califano (age unknown), Respondent's Chief Water Rate Taker. Califano's documentation indicates I was issued the five day suspension for poor work performance.

    4.  Similarly situated employees, who are younger than age 40 or who are significantly younger than me, who possess levels of work performance similar to mine, were not issued a seven day suspension.

## III.

**A.  ISSUE/BASIS**

FIVE DAY SUSPENSION, MARCH 19, 2012, BECAUSE OF MY SEX, FEMALE.

**B.  PRIMA FACIE ALLEGATIONS**

    1.  My sex is female.

    2.  I have satisfactorily performed my duties as a water rate taker, and have been employed with Respondent since June, 1991.

    3.  On or about March 19, 2012, I was suspended by Leonard Califano (male), Respondent's Chief Water Rate Taker. Califano's documentation indicates I was issued the five day suspension for poor work performance.

Case: 1:14-cv-06818 Document #: 1-1 Filed: 09/03/14 Page 3 of 3 PageID #:15

Charge Number:  2012CA
Complainant:  Ophelia Cage
Page 3 of 3

    4.  Similarly situated male employees, who possess levels of work
           performance  similar to mine, were not issued a seven day suspension.

IV.   A.   ISSUE/BASIS

        FIVE DAY SUSPENSION, MARCH 19, 2012,  IN RETALIATION FOR
        FILING A PREVIOUS CHARGE OF DISCRIMINATION.

     B.   PRIMA FACIE ALLEGATIONS

        1.   On or about September 1, 2005,  I engaged in a protected activity when I
            filed discrimination charge number 2005CF0603 against Respondent with
            the Illinois Department of Human Rights.

        2.   On or about March 19, 2012, I was suspended by Leonard  Califano,
            Respondent's Chief Water Rate Taker,   Califano's documentation
            indicates I was issued the five day suspension for poor work
            performance.

        3.   Respondent's adverse action follows my protected activity within such a
            period of time as to raise an inference of retaliatory motivation.

ACF/acf

# Exhibit B

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Ophelia Cage<br>6326 S Campbell St 1fl<br>Chicago, IL 60629 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2012-01560 | Daniel L. Lim,<br>Acting State & Local Coordinator | (312) 869-8082 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u>** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*John P. Rowe/dll*                                    *June 5, 2014*

Enclosures(s)                    **John P. Rowe,**                    *(Date Mailed)*
                                 **District Director**

cc:

CITY OF CHGO WATER
121 N Lasalle St
Chicago, IL 60602

# Exhibit C

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.  #13WI207.02 | ☒ IDHR  ☐ EEOC | 2013CF1663 |

**Illinois Department of Human Rights and EEOC**

| NAME OF COMPLAINANT (indicate Mr. Ms. Mrs.)  Ms. Ophelia Cage | TELEPHONE NUMBER (include area code)  (773) 476-0640 | |
|---|---|---|
| STREET ADDRESS  6326 S. Campbell Street | CITY, STATE AND ZIP CODE  Chicago, IL 60629 | DATE OF BIRTH  M  D  YEAR |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME OF RESPONDENT  City of Chicago Water Department | NUMBER OF EMPLOYEES, MEMBERS 15+ | TELEPHONE NUMBER (include area code)  (312) 747-7553 | |
|---|---|---|---|
| STREET ADDRESS  121 N. LaSalle Street | CITY, STATE AND ZIP CODE  Chicago, IL 60602 | | COUNTY  Cook |

| CAUSE OF DISCRIMINATION BASED ON:  Retaliation | DATE OF DISCRIMINATION EARLIEST (ADEA/EPA) LATEST (ALL)  10/26/12  ☐ CONTINUING ACTION |
|---|---|

THE PARTICULARS OF THE CHARGE ARE AS FOLLOWS:

I. A. **ISSUE/BASIS**

SUSPENSION OCTOBER 26, 2012, IN RETALIATION FOR OPPOSING UNLAWFUL DISCRIMINATION

B. **PRIMA FACIE ALLEGATIONS**

1. I engaged in a protected activity through my filing of prior charges of discrimination against Respondent with the IDHR, including charge number 2005CF0603 and 2012CA3088, which I filed on April 245, 2012.

2. I was issued a seven-day suspension on October 26, 2012, by Respondent for the stated reason of poor job performance.

Page 1 of 2

| I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | SUBSCRIBED AND SWORN TO BEFORE ME  THIS 01 DAY OF Feb , 2013.  *Monica Glynn*  NOTARY SIGNATURE |
|---|---|
| "OFFICIAL SEAL"  MONICA GONZALEZ  Notary Public, State of Illinois  My Commission Expires Jan. 05, 2014  NOTARY STAMP | X *Ophelia Cage* 2-1-13  SIGNATURE OF COMPLAINANT  DATE  I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |

FFD-5 FORM (Rev. 7/02-INT)

Case: 1:14-cv-06818 Document #: 1-3 Filed: 09/03/14 Page 2 of 2 PageID #:18
Charge Number: 201__F1663
Complainant: Ms. Ophelia Cage
Page 2 of 2

3.  I was issued this suspension within such a timeframe after I filed my
    charges with the IDHR against Respondent as to raise an inference of
    retaliatory motivation.

MEE/RCG/amm

Return this copy

# Exhibit D

EEOC Form 161-B (3/98)  Case: 1:14-cv-06818 Document #: 14 Filed: 09/03/14 Page 1 of 1 PageID #:19

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| | |
|---|---|
| To: Ophelia Cage<br>6326 S Campbell St<br>Chicago, IL 60629 | From: Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |

| | |
|---|---|
| [ ] | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2013-00625 | Daniel L. Lim,<br>Acting State & Local Coordinator | (312) 869-8082 |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ X ] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[ X ] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*John P. Rowe/dll*                                                         June 9, 2014

Enclosures(s)                    John P. Rowe,                          *(Date Mailed)*
                                 District Director

cc:

CITY OF CHGO WATER
121 N Lasalle St
Chicago, IL 60602

JS 44   (Rev. 3/13)

**CIVIL COVER SHEET**

Case: 1:14-cv-06818 Document #: 2 Filed: 09/03/14 Page 1 of 2 PageID #:20

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

Ophelia Cage

**DEFENDANTS**

City of Chicago

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Barry A. Gomberg & Assoc., Ltd. (312) 922-0550
53 W. Jackson Blvd., Ste. 1350 Chicago, IL 60604

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ✓ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS**

*PERSONAL INJURY*
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

*PERSONAL INJURY*
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities Employment
- ☐ 446 Amer. w/Disabilities Other
- ☐ 448 Education

**PRISONER PETITIONS**
*Habeas Corpus:*
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition)
- ☐ 465 Other Immigration Actions

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION** (Enter U.S. Civil Statute under which you are filing and write a brief statement of cause.)

42 U.S.C. § 2000e et seq; 29 U.S.C. § 621 et seq

**VII. Previous Bankruptcy Matters** (For nature of suit 422 and 423, enter the case number and judge for any associated bankruptcy matter previously adjudicated by a judge of this Court. Use a separate attachment if necessary.)

**VIII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

**IX. RELATED CASE(S) IF ANY**   *(See instructions):*
JUDGE _____   DOCKET NUMBER _____

**X. This case** (check one box)   ☒ Is not a refiling of a previously dismissed action   ☐ is a refiling of case number _____ previously dismissed by Judge _____

DATE   09/03/2014

SIGNATURE OF ATTORNEY OF RECORD   s/Barry A. Gomberg

**INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44**

Case: 1:14-cv-06818 Document #: 2 Filed: 09/03/14 Page 2 of 2 PageID #:21
Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.    **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

     **(b)** County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

     **(c)** Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; NOTE: federal question actions take precedence over diversity cases.)

III.  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.   **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.    **Origin.** Place an "X" in one of the six boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

VI.   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. Do not cite jurisdictional statutes unless diversity. Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII.  **Previous Bankruptcy Matters** For nature of suit 422 and 423 enter the case number and judge for any associated bankruptcy matter previously adjudicated by a judge of this court. Use a separate attachment if necessary.

VIII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P. Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

IX.   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

X.    **Refiling Information.** Place an "X" in one of the two boxes indicating if the case is or is not a refiling of a previously dismissed action. If it is a refiling of a previously dismissed action, insert the case number and judge.

     **Date and Attorney Signature.** Date and sign the civil cover sheet.

Rev040913

Case: 1:14-cv-06818 Document #: 3 Filed: 09/03/14 Page 1 of 1 PageID #:22

## U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS
### ATTORNEY APPEARANCE FORM

NOTE: In order to appear before this Court an attorney must either be a member in good standing of this Court's general bar or be granted leave to appear *pro hac vice* as provided for by Local Rules 83.12 through 83.14.

In the Matter of

OPHELIA CAGE,
      Plaintiff,

  vs.

CITY OF CHICAGO,
      Defendant.

Case Number: 1:14-cv-06818

AN APPEARANCE IS HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY FOR:
Plaintiff Ophelia Cage

| | |
|---|---|
| NAME (Type or print) | |
| Barry A. Gomberg | |
| SIGNATURE (Use electronic signature if the appearance form is filed electronically) | |
| s/ Barry A. Gomberg | |
| FIRM | |
| Barry A. Gomberg & Associates, Ltd. | |
| STREET ADDRESS | |
| 53 West Jackson Blvd., Suite 1350 | |
| CITY/STATE/ZIP | |
| Chicago, Illinois 60604 | |
| ID NUMBER (SEE ITEM 3 IN INSTRUCTIONS) | TELEPHONE NUMBER |
| | (312) 922-0550 |

| | | |
|---|---|---|
| ARE YOU ACTING AS LEAD COUNSEL IN THIS CASE? | YES ✔ | NO ☐ |
| ARE YOU ACTING AS LOCAL COUNSEL IN THIS CASE? | YES ☐ | NO ✔ |
| ARE YOU A MEMBER OF THIS COURT'S TRIAL BAR? | YES ✔ | NO ☐ |
| IF THIS CASE REACHES TRIAL, WILL YOU ACT AS THE TRIAL ATTORNEY? | YES ✔ | NO ☐ |

IF THIS IS A CRIMINAL CASE, CHECK THE BOX BELOW THAT DESCRIBES YOUR STATUS.

RETAINED COUNSEL ☐    APPOINTED COUNSEL ☐